United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20231
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIRLEY THIBODEAUX,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-541-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Shirley Thibodeaux.
United States v. Thibodeaux, 115 Fed. Appx. 708 (5th Cir. Dec.
17, 2004)(unpublished). The Supreme Court vacated and remanded
for further consideration in light of United States v. Booker,
125 S. Ct. 738 (2005). We requested and received supplemental
letter briefs addressing the impact of Booker.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thibodeaux argues that the district court's application of sentencing guidelines adjustments based upon the amount of loss and victims involved and for means of identification used violated the Sixth Amendment. Thibodeaux concedes that her argument is raised for the first time on appeal and is reviewable for plain error only. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

As Thibodeaux admits, the district court made no statements indicating that it would have imposed a lower sentence under an advisory guidelines regime. Accordingly, although the district court's adjustments to Thibodeaux's sentence constitute error that is plain, i.e., obvious, Thibodeaux cannot demonstrate that the error affected her substantial rights. See id. at 521-22.

Thibodeaux correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See United States v. Martinez-Lugo, 411 F.3d 597, 611 (5th Cir. 2005). She likewise concedes that our precedent forecloses her contention that application of Booker's remedial opinion to her violates the Ex Post Facto Clause. See United States v. Scroggins, 411 F.3d 572, 577 (5th Cir. 2005). She raises these arguments to preserve them for further review. Thibodeaux's reliance on the plain error analysis set forth in United States v. Dazey, 403 F.3d 1147 (10th Cir. 2005), is unavailing in light of Mares.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Thibodeaux's conviction and sentence.